ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR **RECURRIDA** v. C & C MANAGEMENT HOLDINGS CORP. **RECURRENTE** | KLRA202400254 | Revisión administrativa procedente del Departamento de Asuntos del Consumidor Caso Núm. MA-13883-URB Sobre: DENEGACIÓN LICENCIA DE URBANIZADOR Y/O CONSTRUCTOR |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece ante nos, C & C Management Holding, Corp., en adelante, la corporación o parte recurrente, solicitando que revisemos la determinación del Departamento de Asuntos del Consumidor, en adelante, DACo o recurrida, emitida el 19 de marzo de 2024. La aludida determinación ratificó la decisión de la Agencia al denegar la renovación de licencia de urbanizador y/o constructor contra la recurrente.

Por lo fundamentos que expondremos a continuación, *confirmamos* la determinación recurrida.

**I.**

El 17 de mayo de 2021, C & C Management Holding, Corp., solicitó ante el Departamento de Asuntos del Consumidor la renovación de su licencia regular como urbanizador y/o constructor. Como parte de la solicitud, la recurrente anejó un listado de querellas resueltas respecto a sus responsabilidades con la Urbanización Veredas del Mar. Inicialmente, la corporación listó tres (3) de las cinco (5) querellas que se habían presentado ante DACo.

Número Identificador

SEN2024_____

El 16 de junio de 2021, DACo denegó la expedición de la licencia, arguyó que la recurrida no cumplió con los requisitos, órdenes de la Agencia y sentencias del Tribunal. Razón por la que, el 21 de junio de 2021, la recurrida radicó por escrito una solicitud de vista administrativa con relación a la denegatoria de la revisión de la licencia MA-13883-URB.

Luego de varios asuntos procesales, que no son necesarios pormenorizar, las partes fueron citadas a vista administrativa en la Oficina Regional de San Juan el 20 de octubre de 2022. Esta vista se dejó sin efecto, luego de un diálogo y acuerdo entre las partes para permitirle a la corporación cierto descubrimiento de prueba e información requerida por la Agencia. Tras presentada la documentación e información requerida, el 16 de diciembre de 2022, la Agencia determinó que la data provista no demostraba cumplimiento con el deber de subsanar los defectos de construcción del proyecto que había desarrollado dicha corporación.

Finalmente, el 20 de abril de 2023, ambas partes comparecen a la vista administrativa. En esta, se le conceden veinte (20) días a la corporación para entregar documentos sobre las gestiones llevadas a cabo para corregir los vicios de construcción en las reclamaciones de residentes del proyecto Veredas del Mar. Las querellas a las que se hace referencia son las resueltas por DACo ordenando corrección por la corporación y, eventualmente, llevadas a los Tribunales para obligar a cumplir a C & C Management. Las reclamaciones de referencia son las siguientes:

| Núm. Querella | Nombre querellado | Numeración del Caso Civil TPI | Sentencia | Honorarios |
|---|---|---|---|---|
| 50000974 | Aidalee Ortiz Taranto | MZ2019CV01458 | $12,215.30 | $1,000.00 |
| MAY-2016-0000033 | Victoria Cintrón Hernández | MZ2019CV01045 | $4,706.23 | $500.00 |
| MA0004539 | Lenny J. Pérez Martínez | MZ2019CV02186 | $19,256.59 | $1,000.00 |

| Núm. Querella | Nombre querellado | Numeración del Caso Civil TPI | Sentencia | Honorarios |
|---|---|---|---|---|
| MA0004538 | Juan C. Avilés Morales | MZ2019CV02202 | $7,274.97 | $1,000.00 |
| MA0003559 | Johnny Medina Jiménez | I1CI201700329 | Contratación de tercero para reparar los vicios | $1,000.00 |

**\*Las cantidades impuestas en las sentencias, aquellas con cantidad cierta, se ordenaron con pago de intereses.**

Eventualmente, el 19 de marzo de 2024, la agencia mediante *Resolución Sumaria* ratificó su decisión del DACo sobre denegar la solicitud de renovación de licencia de urbanizador y/o constructor. En esta se estableció como determinaciones de hecho, y tras la documentación presentada, que la corporación no cumplió con las órdenes de DACo y las sentencias del Tribunal en donde, además del pago, se reclamaba la corrección de múltiples vicios de construcción.

El 4 de abril de 2024, la corporación presentó *Moción de Reconsideración* en la que argumentaba que no pudo cumplir con las órdenes de DACo, debido a que "los residentes afectados entorpecieron" las gestiones para que el Tribunal les concediera pago de dinero.[1] Añadió que, adicional a eso, no cumplieron con las sentencias del Tribunal, toda vez que no tenían liquidez para realizar planes de pagos como consecuencia de la pérdida de su licencia para operar. Así las cosas, solicitaron que DACo reconsiderara su decisión del 19 de marzo y, en remedio, les concediera una licencia provisional para poder cumplir con lo ordenado.

El 19 de abril del mismo año, la agencia declaró *No Ha Lugar* la moción de reconsideración de la recurrente. DACo reafirmó su determinación inicial arguyendo que no le asistía la razón a la corporación, toda vez que las sentencias fueron emitidas entre el 2017 y el 2019, antes de que caducara su licencia y, aun así, no

---

[1] Anejo en el Apéndice del Recurso de Revisión, págs. 8-14.

pudo cumplir con las mismas. La Agencia continuó afirmando que, la misma corporación señaló no cumplir con la otra parte de la sentencia por no tener liquidez, admitiendo su incumplimiento. Finalizó denegando la solicitud de una licencia provisional, debido a que la corporación no cumplió con los requisitos para que se expidiera la misma.

En desacuerdo con lo determinado, el recurrente presentó el recurso de epígrafe y le imputó a DACo los siguientes dos errores:

> Erró el DACo en emitir resolución denegando la licencia de Desarrolladora sin considerar las circunstancias con los residentes-querellantes, que entorpecieron las gestiones de reparación.

> Erró DACo al no otorgar una licencia provisional al amparo de las secciones 3(c) y 5 del Reglamento núm. 2268 de dicha agencia.

**II.**

**A.**

Las determinaciones de las agencias administrativas están sujetas a la revisión judicial del Tribunal de Apelaciones. 4 LPRA sec. 24y(c). Este tribunal revisará, como cuestión de derecho, las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 3 LPRA sec. 9676. Según lo dispuesto en la ley, las determinaciones de hecho de las decisiones administrativas serán sostenidas por el tribunal, si están basadas en evidencia sustancial que obra en el expediente de la agencia. A diferencia de las conclusiones de derecho que serán revisables en todos sus aspectos por el tribunal. 3 LPRA sec. 9675.

El examen jurídico de las determinaciones administrativas se circunscribe a determinar si las agencias han actuado en forma arbitraria, caprichosa, ilegal o tan irrazonablemente que la decisión constituye un abuso de discreción. Los tribunales revisores hemos de otorgar deferencia a las decisiones administrativas, ya que los organismos gubernamentales gozan de experiencia y conocimiento

especializado sobre los asuntos ante su consideración. Por esa razón, sus dictámenes gozan de una presunción de legalidad y corrección. *Otero Rivera v. Bella Retail Group, Inc.*, 2024 TSPR 70, 213 DPR ___ (2024); *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 113-114 (2023); *OEG v. Martínez Giraud*, 210 DPR 79, 88-89 (2022); *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839 (2021); *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020); *Mun. de San Juan v. CRIM*, 178 DPR 163, 175 (2010). Dicha presunción subsiste mientras no se produzca prueba suficiente para derrotarla. *Hernández Feliciano v. Mun. Quebradillas*; supra, pág. 114; *OEG v. Martínez Giraud*, supra, págs. 88-89; *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 130 (1998).

La parte que impugna judicialmente las determinaciones de hechos de una agencia tiene que demostrar que no están basadas en el expediente o que las conclusiones del foro administrativo son irrazonables. La razonabilidad es el criterio rector al momento de pasar juicio sobre la decisión de una agencia. *Hernández Feliciano v. Mun. Quebradillas*; supra, pág. 115; *OEG v. Martínez Giraud*, supra, pág. 90; *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2018); *González Segarra et al. v. CFSE*, 188 DPR 252, 276–278 (2013); *OCS v. Universal*, 187 DPR 164, 178–179 (2012); *Otero v. Toyota*, 163 DPR 716, 727 (2005).

La evidencia sustancial que surge de la totalidad del expediente y en la que debe estar basada la determinación administrativa, ha sido definida jurisprudencialmente como aquella que es relevante y que una mente razonable podría aceptar como adecuada para sostener una conclusión. La deferencia a la agencia no es absoluta porque la decisión administrativa no puede estar basada en un ligero destello de evidencia o por simples inferencias. El crisol evaluativo de las determinaciones administrativas siempre

estará guiado por el concepto de razonabilidad, conforme la evaluación del expediente administrativo en su totalidad. *OEG v. Martínez Giraud*, supra, pág. 89. La evaluación judicial de las determinaciones de hecho de las agencias tiene que estar basada en los criterios de deferencia y razonabilidad. *González Segarra et al. v. CFSE*, supra. Por su parte, las determinaciones de derecho de las agencias son revisables en todos sus aspectos. 3 LPRA sec. 9675.

La revisión se ciñe a determinar si: (1) el remedio concedido por la agencia fue el apropiado, (2) las determinaciones de hecho de la agencia están basadas en evidencia sustancial que obra en el expediente administrativo visto en su totalidad y (3) las conclusiones de derecho fueron correctas. El respeto a la resolución administrativa se sostiene hasta que no se presente evidencia suficiente para derrotar la presunción de legalidad. *Otero Rivera v. Bella Retail Group, Inc.,* supra; *Hernández Feliciano v. Mun. Quebradillas*; supra, pág. 115; *OEG v. Martínez Giraud*, supra, pág. 89; *Moreno Lorenzo y otros v. Depto. Fam.*, supra, págs. 839–840; *Capó Cruz v. Jta. Planificación et al.*, supra, pág. 591; *Torres Rivera v. Policía de PR*, supra, págs. 626–627.

La deferencia a la interpretación que las agencias hacen sobre las leyes que le corresponde poner en vigor, cede cuando: 1) erró al aplicar la ley, 2) actuó arbitraria, irrazonable o ilegalmente o 3) lesionó derechos constitutivos fundamentales. El criterio administrativo no prevalece, cuando la interpretación estatutaria que realiza la agencia provoca un resultado incompatible o contrario al propósito para el cual se aprobó la legislación y con la política pública promovida. La deferencia cede ante una determinación que resulte irrazonable, ilegal o que conduzca a la comisión de una injusticia. *Otero Rivera v. Bella Retail Group, Inc.,* supra; *OEG v. Martínez Giraud*, supra, pág. 90-91. Los tribunales tienen que armonizar, siempre que sea posible, todos los estatutos y

reglamentos administrativos involucrados para la solución justa de la controversia, de modo que se obtenga un resultado sensato, lógico y razonable. *Moreno Lorenzo y otros v. Depto. Fam.*, supra, pág. 843.

**B.**

La Ley de la Oficina del Oficial de Construcción adscrita al Departamento de Asuntos del Consumidor, Ley Núm. 130 de 13 de junio de 1967, según enmendada, es la que faculta al DACo a reglamentar, investigar, adjudicar y expedir licencias con relación a la construcción y venta de viviendas en Puerto Rico. 17 LPRA § 511. El motivo principal de esta ley es, precisamente, proteger a los compradores de vivienda con el fin de que las familias en Puerto Rico puedan hacerse de un hogar seguro y adecuado. De manera que no solo establece deberes y facultades para DACo, sino que también delimita las prácticas indeseables que busca prohibir en los urbanizadores y constructores de vivienda.

Así las cosas, en el Artículo 5, 17 LPRA § 505, sobre las licencias regulares, establece que "[t]oda licencia así expedida vencerá tres (3) años a partir de la fecha de su expedición, y podrá ser renovada por igual término siempre que se cumpla con los requisitos de esta ley". Por otro lado, también, dispone que las licencias provisionales se otorgarán por un término de dos (2) años a toda persona que cualifique conforme a las disposiciones de esta ley, pero que no tenga experiencia previa en Puerto Rico en el negocio de la urbanización o construcción.

En el Artículo 7(d), 17 LPRA § 507, establece como causa de revocación el no acatar las disposiciones de una orden de la agencia, final y firme, ordenándole la reparación de defectos de construcción en una vivienda, o imponiéndole una multa administrativa. En el inciso (g) del mismo artículo, también establece como causa de revocación, el incurrir en cualquiera de las prácticas indeseables en el negocio de la construcción. Entre estas, en su Artículo 9(e), fija

como una de las tantas prácticas indeseables el que una corporación deje de corregir un defecto de construcción en una vivienda, y Art. 9(e) dejar de corregir defectos de construcción en una vivienda. 17 LPRA § 509.

Por otro lado, en virtud de lo expresado en la Ley Núm. 130, *supra,* DACo estableció el Reglamento 2268 de 17 de agosto de 1977,[2] con el fin de facilitar las disposiciones de la ley. De esta manera, mediante el Reglamento 2268 en su sección 3, inciso (c), se reafirma lo expresado por el legislador en cuanto a la otorgación de licencias, estableciendo que solo se emitirán dos tipos de licencias, regulares y provisionales. La licencia provisional se le otorgará a corporaciones sin experiencia previa, pudiendo ser renovada, a menos que se haya culminado completamente el proyecto para el que fue expedida, en cuyo caso, se podrá otorgar licencia regular.

Esta misma sección 3 del Reglamento, en su inciso (a), dispone que el Secretario tendrá que realizar las investigaciones pertinentes para determinar que el solicitante tenga la capacidad administrativa, técnica y financiera para realizar el proyecto propuesto. También, podrá tomar en consideración los informes en el área de querellas e investigaciones para la concesión de licencias. Requisitos que se reafirman en la sección 5 y sección 6 del Reglamento 2268, sobre la renovación y denegatoria de licencias, respectivamente. A su vez, en la sección 6 del Reglamento, se añade como una de las causas de denegatoria el que no se cumpla con los requisitos de ley y/o que se incurra en una de las causas de revocación.

**III.**

Expuesto el derecho aplicable a esta controversia, nos disponemos a aplicarlo al caso de epígrafe. Como primer asunto

---

[2] Enmendado por el Reglamento Núm. 8070 de 8 de septiembre de 2011.

debemos dilucidar si erró DACo en emitir resolución denegando la licencia de la corporación sin considerar las circunstancias con los residentes-querellantes que, según el recurrente, entorpecieron las gestiones de reparación.

Sobre este señalamiento de error, no le asiste la razón al recurrente. En primer lugar, es sabido que el foro revisor le debe deferencia a las determinaciones de hechos de las agencias administrativas. Las determinaciones de hechos de las decisiones administrativas serán sostenidas por el tribunal si están basadas en evidencia sustancial que obra en el expediente de la agencia. De hecho, la parte que impugna judicialmente las determinaciones de hechos de una agencia tiene que demostrar que no están basadas en el expediente o que las conclusiones del foro administrativo son irrazonables. En el caso ante nos, la parte recurrente, lejos de rebatir la deferencia, en múltiples ocasiones valida las determinaciones de hechos de la agencia, afirmando que ha incumplido con las órdenes de DACo y las Sentencias del Tribunal. Lo cierto es que, (1) se desobedeció las órdenes de DACo; (2) como consecuencia de esto, DACo acudió al Tribunal; (3) el Tribunal emitió varias Sentencias declarando todas *Ha Lugar,* disponiendo así de los casos y; (4) luego se desobedecieron las Sentencias del Tribunal. Entendemos menester señalar que en dichas sentencias del Tribunal dispuso de las controversias que se pretenden levantar ahora. Incluso, así lo admite la parte recurrente en el *Recurso de Revisión*, donde afirma que levantó la misma defensa en los casos que ya advinieron finales y firmes.[3]

Así las cosas, resulta del expediente, que DACo sí consideró las circunstancias con los querellantes como lo hizo el Tribunal. En

---

[3] Recurso de Revisión, pág. 3.

ambos foros dichas alegaciones no se sostuvieron, determinándose que la responsabilidad era de la corporación.

Ahora bien, aun cuando no existiera la deferencia a las agencias, es hartamente conocida la norma trillada de que "el nombre no hace la cosa". Debe tener cuidado la parte recurrente de no pretender re-litigar un caso que ya advino final y firme. Peor aún, debe evitar atacar mediante un recurso administrativo determinaciones del Tribunal de Primera Instancia emitidas de entre cinco (5) a siete (7) años atrás.

Sencillamente, del expediente no se desprende que DACo hubiera actuado arbitraria o irrazonablemente. La agencia, en todo momento, operó dentro del marco legal delimitado por la Asamblea Legislativa, basó sus determinaciones de hechos en evidencia sustancial que, incluso, reafirmó el recurrente, e implementó correctamente el derecho aplicable. En otras palabras, hace bien la Agencia al no considerar meras alegaciones como determinación de hechos que ya habían sido adjudicadas en corte.

Como segundo señalamiento de error debemos cavilar sobre si erró DACo al no otorgar una licencia provisional al amparo de las secciones 3(c) y 5 del Reglamento 2268 de dicha agencia. Sobre este planteamiento, tampoco le asiste la razón a la corporación. Veamos.

Tanto la Ley Núm. 130, *supra*, como el Reglamento 2268 establecen que para la expedición de la licencia provisional se necesita cumplir con todos los requisitos de ley. Estos requisitos son los mismos que los de la licencia regular, con la única variante de que la provisional solo se expedirá para corporaciones sin experiencia previa, quienes, si al momento de solicitar renovación no han culminado el proyecto, pueden hacerse obtener otra licencia provisional.

En este sentido, nuestro estado de derecho establece que no se expedirá la licencia a corporaciones o personas que hayan

incurrido en prácticas indeseables, según esbozado en el listado del Artículo 9 de la referida ley y sección 5 (B)(7) del Reglamento 2268. La referida disposición faculta a DACo para evaluar el informe de querellas e investigaciones y la capacidad administrativa, técnica y financiera del solicitante. Dicho esto, entendemos menester establecer que una corporación que no cumple con los requisitos para la expedición de una licencia regular tampoco cumple con los requisitos para la expedición de la licencia provisional.

En el caso ante nos, la corporación desobedeció órdenes de DACo y sentencias del Tribunal e incurrió en prácticas indeseables al dejar de corregir defectos de construcción en las viviendas. Así, también, ha reconocido no tener la capacidad económica para responsabilizarse por los defectos de construcción de las viviendas que construyó. Por si fuera poco, esta no es una corporación sin experiencia previa en el campo de urbanización y construcción de viviendas. De manera que no cumple con los requisitos en ley para la expedición de una licencia provisional.

Por lo tanto, nos es forzoso concluir que DACo no incurrió en el error señalado por el recurrente. Por el contrario, aplicó correctamente el derecho. En vista del análisis completo que realiza el Tribunal, entendemos que la Agencia no incurrió en los errores señalados.

**IV.**

Por los fundamentos que anteceden, se confirma la Resolución recurrida.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones